UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANTE D. GUY, | ) |
| | ) |
|       Petitioner, | ) |
| vs. | )    2:12-cv-241-WTL-DKL |
| | ) |
| RICHARD BROWN, | ) |
| | ) |
|       Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

Donte Guy challenges the validity of a prison disciplinary proceeding identified as No. CIC 12-02-2180, conducted on February 23, 2012, in which he was charged with and found guilty of committing battery/assault upon another person with a weapon or inflicting serious bodily injury. Guy is entitled to a writ of habeas corpus if he demonstrates that the "custody" which results from the challenged proceeding was imposed "in violation Constitution or laws or treaties of the United States." 28 U.S.C. ' 2254(a).

Having considered the pleadings and the expanded record, and being duly advised, the court finds that Guy's petition for writ of habeas corpus must be denied. This conclusion rests on the following facts and circumstances:

    1.    Under Indiana law, state prison inmates have a protected liberty interest in earned good-time credits and in credit-earning class, IND. CODE ' ' 35-50-6-4, 35-50-6-5 (2000), and the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)). In these

circumstances, Cooper was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

    2.    Under *Wolff* and *Hill,* Guy received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Guy was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of the findings, and (3) the hearing officer issued a written reason for its decision and for the sanctions imposed.

    3.    "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Guy to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are refuted by the expanded record. There is no requirement under *Wolff* that the unavailability of requested evidence be documented at or before the hearing. Guy's argument that the video would have

shown him to have been the victim of excessive force, moreover, would not have supported a defense to the charge he was facing. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

    IT IS SO ORDERED.

Date: 6/11/13

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Dante D. Guy
No. 121108
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Electronically Registered Counsel